IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLUMBERS' PENSION FUND, LOCAL 130, U.A., PLUMBERS' WELFARE FUND, LOCAL 130, U.A., THE TRUST FUND FOR APPRENTICE AND JOURNEYMAN EDUCATION AND TRAINING, LOCAL 130, U.A., PLUMBERS' RETIREMENT SAVINGS PLAN FUND, LOCAL 130, U.A., and CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., GROUP LEGAL SERVICES PLAN FUND,<br><br>     Plaintiffs,<br><br> v.<br><br>BOSTON PLUMBING, INC.,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ***COMPLAINT***

Plaintiffs, the PLUMBERS' PENSION FUND, LOCAL 130, U.A., et al., by its attorney, Michael J. McGuire, and the law firm of Gregorio Marco, complaint of the Defendant, BOSTON PLUMBING, INC., and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The PLUMBERS' PENSION FUND, LOCAL 130, U.A, et. al. (collectively referred to as the "Local 130 Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., ("Local Union 130").

3. The Local 130 Trust Funds are multi-employer plans as defined under 29 U.S.C. §1002.

4. The Trust Funds are administered in Chicago, Illinois and venue is proper in the Northern District of Illinois.

5. The Defendant is an employer engaged in an industry affecting commerce, which entered into a Collective Bargaining Agreement whose terms require Defendants to pay fringe benefits to the Trust Funds. A true and correct copy of the Memorandum of Agreement which binds the Defendant to the terms of the CBA and Trust Agreements is attached as **Exhibit 1**.

6. The Agreement and the Collective Bargaining Agreements also bind the Defendant to the provisions of the Agreement and Declarations of Trust which created the Plumbers' Local 130, U.A. Trust Funds ("Trust Agreements").

7. The Defendant is required to make contributions to the Local 130 Trust Funds for each hour worked by its Plumber employees at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreement. In addition, the Defendant is required to make contributions to the Local 130 Union measured by the hours worked by Plumber employees and/or Local 130 members at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreement for the Local 130 Trust Funds. The Defendant is also liable for subcontracting plumbing to a company, which does not pay the contributions.

8. The CBA and Trust Agreements require Defendant to submit to periodic audits of its books and records to determine if the proper fringe benefits are being paid.

9. The CBA and Trust Agreements provide that employers who do not timely pay all contributions are also liable for liquidated damages, interest, audit fees and attorney fees.

10. The Defendant, BOSTON PLUMBING, INC, breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit proper contributions to the trust funds for the time period of January 1, 2016 through March 31, 2018 as

shown by an audit conducted on the books and records of the company. A true and correct copy of the audit is attached as **Exhibit 2**.

11. As a result of said breaches, the Defendant is also liable to the plaintiffs for the following ancillary damages on top of the fringe benefit contributions:

    a. Attorneys' fees and costs pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2);

    b. Liquidated damages and interest pursuant to the Trust Agreements and 29 U.S.C. §1132(g)(2); or

    c. Double interest pursuant to 29 U.S.C. §1132(g)(2), whichever is greater.

WHEREFORE, Plaintiffs pray:

A. That the Defendant be ordered to pay all contributions shown to be due as a result of the audit for the time period of January 1, 2016 through March 31, 2018.

B. That the Defendant be ordered to pay the attorney fees and costs incurred by the Plaintiffs.

C. That the Defendant be ordered to pay liquidated damages and interest or double interest.

D. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

By:    /s/ Michael J. McGuire  
       MICHAEL J. MCGUIRE

Michael J. McGuire
ARDC# 6290180
Gregorio Marco
Attorney for Plaintiffs
2 N. LaSalle St., Suite 1650
Chicago, IL 60602
312/263-2343